**IN THE UNITED STATES DISTRICT COURTS**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

Smail Company Inc.
Plaintiff,
vs.
Liberty Mutual Auto and Home Services LLC, LM General Insurance Company, Safeco Insurance Company of America
Defendants.

Case No.: 2:23-cv-2056
Hon. William S. Stickman
Hon. Patricia L. Dodge

## AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Smail Company Inc. (hereinafter "Plaintiff" or "Smail"), through the undersigned counsel, sues the Defendants, Liberty Mutual Auto and Home Services LLC (hereinafter "Liberty Mutual"), LM General Insurance Company (hereinafter "LM General") and Safeco Insurance Company of America (hereinafter Safeco) or collectively "Defendants" and alleges:

## PARTIES

1. Plaintiff Smail Company Inc. is a domestic corporation and is properly registered and licensed to do business in the State of Pennsylvania.
2. Upon information and belief Liberty Mutual is a foreign limited liability company with its principal place of business located at 175 Berkeley Street Boston MA 02116 and is authorized to do business in the State of Pennsylvania and, at all times relevant hereto was engaged in business in Westmoreland County Pennsylvania.
3. Upon information and belief LM General Insurance Company is a wholly owned subsidiary corporation of Liberty Mutual with its principal place of business located at 175 Berkeley Street Boston MA 02116 and is authorized to do business in the State of Pennsylvania and, at all times relevant hereto was engaged in business in Westmoreland County Pennsylvania.
4. Upon information and belief Safeco Insurance Company of America is a wholly owned

Subsidiary corporation of Liberty Mutual with its principal place of business located at 175 Berkeley Street Boston MA 02116 and is authorized to do business in the State of Pennsylvania and, at all times relevant hereto was engaged in business in Westmoreland County Pennsylvania.

## RELATIONSHIP OF THE DEFENDANTS

5. Upon information and belief both Safeco and LM General are wholly owned corporate subsidiaries of Liberty Mutual.

6. All three share a corporate headquarters located at 175 Berkeley Street Boston MA 02116 and share at least some corporate officers.

7. Upon information and belief the companies also share employees and store their records at 175 Berkeley Street Boston MA 02116.

8. Liberty Mutual uses the names interchangeably for its business purposes. Specifically:

    1. The insurance policy for Jayson Heitman was supposedly issued by LM General. However, the fraudulent collection letter sent to Smail relative to this claim was sent on behalf of Safeco insurance. (See exhibit A).
    2. Similarly, the insurance policy for the at fault party related to the claim of Sherri Pecora was allegedly issued by Liberty Mutual. However, the fraudulent collection letter sent to Smail relative to this claim was sent on behalf of Safeco insurance. (See exhibit A).

9. The two subsidiaries have no identity apart from Liberty Mutual and act solely as the alter ego of Liberty Mutual as evidenced by the fraudulent collection letters. Liberty Mutual invokes each alter ego as it desires.

## SCHEME TO DEFRAUD

10. The Defendants have devised a scheme to harass, intimidate and to extort non-contract automobile body shops. The Defendants devised this scheme to capture and control the autobody market to reduce competition and increase its own profits.

11. Upon information and belief the scheme works in the following manner: First the Defendants attempt to bully non-contract shops into reducing their legitimate charges for processing total loss vehicles to be consistent with its contract shops.

12. If this is unsuccessful the Defendants refuse to pay the money owed and then abandon

the vehicle at the non-contract autobody shop.

13. The Defendants then retain debt collector Wilbur and Associates, PC (hereinafter Wilbur)to engage in a campaign of debt collection abuse and harassment of the non-contract auto body shop. (See exhibit A).

14. The alleged amounts owed are completely made up and false and are solely designed to intimidate and bully non-contract shops.

15. The Defendants retained debt collector Wilbur has confessed it has no itemization for the alleged charges and does not know the basis as to why the money is allegedly owed.

16. Further, this activity is widespread and is a routine tactic to capture and control the auto body repair market.

17. As an example, the Defendants have targeted Rickenbaugh Cadillac Company in Colorado and Keeler Motor Car Company in New York.

A. Like the Plaintiff both are large, authorized dealers for manufacturers that conduct a significant volume of autobody repairs.

18. The fraudulent debt collection campaign was not limited to the Plaintiff and is widespread with the goal of capturing and controlling the auto body repair market.

19. The Plaintiff was a victim of this scheme to defraud in relation to two total loss vehicles insured by the Defendants.

## FACTS COMMON TO ALL CLAIMS

20. Plaintiff Smail is in the business of selling and repairing new and used automobiles. In reference to its autobody repair business it transacts business under the trade name Smail Collision Center located in Greensburg Pennsylvania.

21. A vehicle owned by Jayson Heitman, a 2018 Kia Forte LX VIN: 3KPFK4A75JE167518 which was insured by LM General was brought to Smail after being involved in an accident.

a. Mr. Heitman's automotive policy was issued by LM General and is incorporated herein and is already in the possession of LM General. The claim number associated with this action is 052984074-0001.

22. At the request of Mr. Heitman and LM General, Smail expended time, resources and storage space inspecting the vehicle to determine if it was repairable. This contract for services between Smail, Mr. Heitman and LM General was both written and oral. The written portion of

the contract is represented by the initial total loss estimate and such documentation is incorporated by reference and in the possession of LM General. Orally and through the course of dealings it was agreed LM General would pay for Smail's services and retrieve the vehicle if it was a total loss.

23. After the inspection it was determined that the vehicle was not repairable and that it was a total loss.

24. Thereafter, Smail presented LM General with a bill for its services and a demand that LM General retrieve the vehicle. Upon information and belief LM General made a partial payment on the insurance contract to its insured and/or lienholder and obtained title to the vehicle.

25. However, LM General refused to pay Smail for its services and refused to remove the vehicle from Smail's premises.

a. The course of dealing between the Plaintiff and LM General established that LM General would pay for Smail's services regarding totaled vehicles and collect the vehicle after it was determined that the vehicle was a total loss. (See exhibit B for an example).

b. Smail relied upon this course of dealing when accepting Mr. Heitman's vehicle and expending time, resources and storage on the vehicle.

26. Multiple demands have been made but LM General refuses to pay for the time, resources and storage associated with this vehicle. The vehicle remains abandoned at Smail's premises and continues to incur storage charges. (See exhibit C)

27. To avoid suit based upon the outstanding charges due and payable to Smail, Mr. Heitman assigned all rights and claims arising out of his insurance contract to Smail by written assignment dated October 16th 2023.

28. A vehicle owned by Sherri Pecora, a 2010 Mercedes Benz GLK 350 VIN: WDCGG8HBOAF396051 (Liberty Mutual is the at fault party's insurer) was brought to Smail after being involved in an accident.

A. The claim number with Liberty Mutual is 054024140-0002.

29. At the request of Ms. Pecora and Liberty Mutual (the at fault party's insurer), Smail expended time, resources and storage space inspecting the vehicle to determine if it was repairable. This contract for services between Smail, Ms. Pecora and Liberty Mutual was both written and oral. The written portion of the contract is represented by the initial total loss

estimate and such documentation is incorporated by reference and in the possession of Liberty Mutual. Orally and through the course of dealings it was agreed Liberty Mutual would pay for Smail's services and retrieve the vehicle if it was a total loss.

30. After the inspection it was determined that the vehicle was not repairable and that it was a total loss.

31. Thereafter, Smail presented Liberty Mutual with a bill for its services and a demand that Liberty Mutual retrieve the vehicle. Upon information and belief Liberty Mutual made a partial payment on the insurance contract on behalf of its insured to Ms. Pecora and/or lienholder and obtained title to the vehicle.

32. However, Liberty Mutual refused to pay Smail for its services and refused to remove the vehicle from Smail's premises.

a. The course of dealing between the Plaintiff and Liberty Mutual established that Liberty Mutual would pay for Smail's services regarding totaled vehicles and collecte the vehicle after it was determined that the vehicle was a total loss. (See exhibit A for an example).
b. Smail relied upon this course of dealing when accepting Ms. Pecora's vehicle and expending time, resources and storage on the vehicle.

33. Multiple demands have been made but Liberty Mutual refuses to pay for the time, resources and storage associated with this vehicle. The vehicle remains abandoned at Smail's premises and continues to incur storage charges. (See exhibit D)

## COUNT I
## Unjust Enrichment
## <u>Liberty Mutual and LM General</u>

**COMES NOW**, Plaintiff Smail and sues Liberty Mutual and LM General for unjust enrichment and states:

34. Plaintiff incorporates paragraphs 1-33 as though fully restated and realleged.

35. The Plaintiff extended benefits to LM General's insured Jayson Heitman specifically, storing, inspecting and using resources to assess Mr. Heitman's vehicle.

36. Mr. Heitman and LM General accepted and received the benefits provided by the Plaintiff.

37. At all times material hereto, LM General was aware that the Plaintiff was providing the benefits to its insured and that the Plaintiff expected to be compensated for the benefits.

38. At all times material hereto, LM General, with knowledge, permitted the Plaintiff to provide said benefits and to incur damages.

39. LM General has been unjustly enriched by not paying for the services of the Plaintiff even though it was obligated to do so.

40. Allowing LM General to retain the benefits without paying fair compensation would be unjust.

41. By reason of the unjust enrichment of LM General at the expense of the Plaintiff, a contract implied in law exists between the Plaintiff and LM General. Further, LM General is obligated to pay the Plaintiff the fair and reasonable value of its services.

42. The Plaintiff extended benefits to Sherri Pecora, a party damaged by Liberty Mutual's insured, specifically storing, inspecting and using resources to assess Ms. Pecora's vehicle.

43. Liberty Mutual accepted and received the benefits provided by the Plaintiff because of its insured's negligence.

44. At all times material hereto, Liberty Mutual was aware that the Plaintiff was providing the benefits to its insured and that the Plaintiff expected to be compensated for the benefits.

45. At all times material hereto, Liberty Mutual, with knowledge, permitted the Plaintiff to provide said benefits and to incur damages.

46. Liberty Mutual has been unjustly enriched by not paying for the services of the Plaintiff even though it was obligated to do so.

47. Allowing Liberty Mutual to retain the benefits without paying fair compensation would be unjust.

48. By reason of the unjust enrichment of Liberty Mutual at the expense of the Plaintiff, a contract implied in law exists between the Plaintiff and Liberty Mutual. Further, Liberty Mutual is obligated to pay the Plaintiff the fair and reasonable value of its services.

**WHEREFORE**, Plaintiff prays for judgment against Liberty Mutual and LM General:

a. Damages in an amount to be proven at trial;

b. For costs, pre-judgment interest and post judgment interest and

c. Such other relief this Court deems appropriate.

**COUNT II**
**Breach of Contract**
**LM General**

**COMES NOW**, Plaintiff Smail by and through Jayson Heitman and sues LM General for breach of contract and states:

49. Plaintiff incorporates paragraphs 1-33 as though fully restated and realleged.

50. Jayson Heitman and LM General contracted for insurance coverage on the Vehicle. The policy is pled herein, and the insurance contract is incorporated and already in the possession of the Defendant.

51. LM General, by acting in its own self-interest e.g. unreasonably withholding the proceeds of the policy, and failing to act with reasonable diligence, Defendant breached the contract of insurance with Jayson Heitman. Specifically:

1. LM General is obligated to pay for reasonable and necessary expenses related to the covered loss.
2. Mr. Heitman had a covered loss and LM General accepted and made a partial payment for this covered loss.
3. The processing and storage of a total loss vehicle is a reasonable and necessary loss related to Mr. Heitman's covered loss.
4. However, LM General refused to pay for these reasonable and necessary charges.
5. Such refusal was not reasonable and was related to LM General's self interest in capturing and controlling the auto body repair market.

52. LM General's self-dealing and desire to capture and control the auto body repair market placed Mr. Heitman in legal jeopardy and made him susceptible to litigation and judgment.

53. LM General placed its interests ahead of its insured's and by doing so breached the implied covenant of good faith and fair dealing.

54. Further, LM General failed to pay Mr. Heitman the actual cash value of his total loss vehicle. Specifically, by wrongfully refusing to pay for the reasonable and necessary expenses related to the total loss claim and placing its insured in legal jeopardy Mr. Heitman did not receive the actual cash value of this vehicle.

55. As a result of Defendant's breach of contract, damage has been suffered. Including an

outstanding balance for services of Smail that should have been covered by the insurance policy and the failure to pay the actual cash value of the total loss vehicle.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter judgment against LM General for an amount to be proven at trial including costs, pre-judgment interest and post judgment interest.

**COUNT III**
**Bad Faith**
**LM General**

**COMES NOW**, Plaintiff Smail by and through Jayson Heitman and sues LM General for bad faith and states:

56. Plaintiff incorporates paragraphs 1-33 and 49-55 as though fully restated and realleged.

57. The refusal to properly investigate the claim, the unreasonable refusal to pay the proceeds of the policy and the Defendant acting in its self-interest was done intentionally or recklessly as Defendant knew or should have known that such action was in violation of the covenant of good faith and fair dealing, and such conduct constitutes insurance bad faith.

58. Specifically, LM General willfully and intentionally refused to pay the reasonable and necessary expenses related to the total loss claim.

59. LM General engaged in this willful refusal to pay based on its own self-interest and desire to capture and control the auto body repair market.

60. Evidence of LM General's guilty mind is reflected in the hiring of Wilbur to collect a fraudulent debt related to the services performed by the Plaintiff to Mr. Heitman's vehicle.

61. Further, LM General's willful and intentional refusal to pay the reasonable and necessary expenses related to the total loss claim means that it willfully and unreasonably refused to pay Mr. Heitman the actual cash value of his total loss vehicle.

62. Specifically, it left Mr. Heitman susceptible to judgment for non-payment of the reasonable and necessary expenses related to the total loss claim which would necessarily reduce any payment made by LM General to Mr. Heitman.

a. LM General lacked a reasonable basis for refusing to pay the proceeds of the insurance policy as related to the reasonable and necessary charges presented by Smail.

b. LM General was aware that it lacked a reasonable basis for the refusal because it had a course of dealings with Smail wherein it paid the reasonable and necessary charges related to total loss claims. (See exhibit A).

63. By its commission of bad faith, LM General has violated 42 Pa. C.S. Section 8371.

64. Because of Defendant's violation of 42 Pa. C.S. Section 8371 in its dealings with Jayson Heitman, Plaintiff claims the following damages from LM General:

65. Interest on the principal amount that should have been paid at the prime rate plus three (3%) percent from the date the claim for collision coverage damages was made. Punitive damages, and Court costs plus attorney fees.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter judgment against LM General for an amount to be proven at trial.

**COUNT V**
**Fraud**
**LM General, Safeco and Liberty Mutual**

**COMES NOW**, Plaintiff Smail and sues LM General, Safeco and Liberty Mutual for fraud and states:

66. Plaintiff incorporates paragraphs 1-33 as fully restated and realleged.

67. The Defendants have engaged in a scheme to defraud non-contract repair shops.

68. Specifically, if a non-contract repair shop refuses to reduce its fees associated with total loss vehicles to a level paid to its contract shops the Defendants refuse to pay the bill and abandon the vehicle with the repair shop.

69. Further, the Defendants engage the services of debt collector Wilbur to collect a debt that is fabricated and constructed from whole cloth by the Defendants.

70. The Defendants know this debt is fabricated because it does not supply Wilbur with an itemization of charges or even what the charges are purported to be.

71. The evidence of fraud is clear as it relates to the Heitman and Pecora vehicles.

72. Specifically, even though the Defendants refused to pay for the reasonable and necessary expenses related to total loss vehicles and abandoned vehicles they own on the Plaintiff's

property. The Defendants sent collection letters to the Plaintiff.

73. Seeking $3,518.24 related to the Heitman vehicle and $3,030.43 related to the Pecora vehicle

74. All such statements and actions were material and were done to extort and harass the Plaintiff and are a part of the Defendants nationwide campaign to capture and control the auto body repair market.

75. At the time the statements/actions were made, The Defendants had knowledge that the statements/actions were untrue evidenced by the fact that the Defendants did not itemize the fraudulent charges or explain why the amounts were allegedly owed by the Plaintiff.

76. The Defendants intended for the Plaintiff to rely upon the statements/actions and be intimidated into accepting less than the reasonable cost of the Plaintiff's services.

77. Further, the Defendants intended such collection efforts to harass the Plaintiff and cause a loss of time and resources.

78. The Plaintiff in fact did rely upon these statements/actions and engaged in a significant effort to determine the nature of the charges and why such charges were being collected.

79. The action by the Plaintiff was reasonable and the natural response to debt collection proceedings being instituted against it.

80. As a result of Defendants' fraud the Plaintiff has incurred damages. Including lost employee time and a loss of productivity.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter judgment against the Defendants for an amount to be proven at trial including punitive damages.

Kurt D.Mitchell J.D.
KURT D MITCHELL J.D.
PA. BAR NO.: 205917
475 Central Ave Ste. 400-H
St. Petersburg FL 33701
941.465.9253
kmitchell@hoglaw.com

**SERVICE LIST**
**SMAIL COMPANY, INC. v LIBERTY MUTUAL AUTO AND HOME SERVICES LLC, LM GENERAL INSURANCE COMPANY**
**Case No.: 2:23-cv-2056**
**United States District Court, Western District of Pennsylvania**

Patricia A. Monahan, Esq.
Marshall Dennehey
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA 15219
pamonahan@mdwcg.com

Served via CM/ECF system

Respectfully Submitted,

Kurt D. Mitchell J.D.

KURT D MITCHELL J.D.
PA. BAR NO.: 205917
475 Central Ave Ste. 400-H
St. Petersburg FL 33701
941.465.9253
kmitchell@hoglaw.com

wilber.
Wilber & Associates, P.C.

P: 800.313.5169 210 Landmark Dr.
F: 800.313.5179 Normal, IL. 61761

May 22 2023

Dear Smail Autobody & Collision Center,

We are now handling this claim on behalf of Safeco Insurance. Our client is seeking reimbursement from you as a result of the incident which occurred on the claim date listed below. Your cooperation is required to reach a complete resolution.

Please report this loss to your insurance carrier and provide us with the claim number and contact information to docs@wilbergroup.com. You may also attach a photo of your insurance card or call us now at 800-313-5169 with your insurance company information. We will work with your insurance provider to resolve the claim.

If you are uninsured for this claim, our client will seek reimbursement directly from you. Please call us or visit wilberpay.com to make a payment. Pre-approved payment options are available.

Sincerely,

Wilber & Associates, P.C.

# EXHIBIT A

**HOW TO PAY**
Check your balance and get claim info online
Or give us a quick call (800-313-5169).

**Get Started Now**
www.wilberpay.com

**Customer Service**
800-313-5169

**Please mail any correspondence to: 210 Landmark Dr, Normal, IL 61761**

101HWWILB20501

↓DO NOT MAIL TO THIS ADDRESS↓

HWWILB20
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Wilber File Number: | 30437512 |
| Online Access Key: | LEPMIW |
| Claim Date: | 03-27-23 |
| Client Claim Number: | 052984074 |
| Claim Location: | GREENSBURG PA |

May 22, 2023

1 of 1 0003 004974

501 468445987
SMAIL AUTOBODY & COLLISION CENTER
5037 US-30
GREENSBURG PA 15601-

| | |
|---|---|
| Current Claim Amount | $3 518.24 |

Paying by Check authorizes Wilber and Associates to send the information from your check electronically to your bank for payment. Your account will be debited in the amount of your check and the transaction will appear on your bank statement. Your original check will be destroyed once processed, and you will not receive your cancelled check back. If we cannot process the transfer, you authorize us to make a charge against your bank account using a paper draft.

wilber.
Wilber & Associates, P.C.

P: 800.313.5169 210 Landmark Dr.
F: 800.313.5179 Normal, IL. 61761

August 28 2023

Dear Smail Collision,

We are now handling this claim on behalf of Safeco Insurance. Our client is seeking reimbursement from you as a result of the incident which occurred on the claim date listed below. Your cooperation is required to reach a complete resolution.

Please report this loss to your insurance carrier and provide us with the claim number and contact information to docs@wilbergroup.com. You may also attach a photo of your insurance card or call us now at 800-313-5169 with your insurance company information. We will work with your insurance provider to resolve the claim.

If you are uninsured for this claim, our client will seek reimbursement directly from you. Please call us or visit wilberpay.com to make a payment. Pre-approved payment options are available.

Sincerely,

Wilber & Associates, P.C. PECORA

**HOW TO PAY**
Check your balance and get claim info online
Or give us a quick call (800-313-5169).

Get Started Now
www.wilberpay.com

Customer Service
800-313-5169

**Please mail any correspondence to: 210 Landmark Dr, Normal, IL 61761**

101HWWILB20501

↓DO NOT MAIL TO THIS ADDRESS↓

HWWILB20
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Wilber File Number: | 30477414 |
| Online Access Key: | SGOWAN |
| Claim Date: | 07-01-23 |
| Client Claim Number: | 054024140 |
| Claim Location: | IRWIN PA |

August 28, 2023

| | |
|---|---|
| Current Claim Amount | $3 030.43 |

0003 005261

1 of 1

501 524858647

SMAIL COLLISION
5053 STATE ROUTE 30
GREENSBURG PA 15601-

**EXHIBIT A**

Paying by Check authorizes Wilber and Associates to send the information from your check electronically to your bank for payment. Your account will be debited in the amount of your check and the transaction will appear on your bank statement. Your original check will be destroyed once processed, and you will not receive your cancelled check back. If we cannot process the transfer, you authorize us to make a charge against your bank account using a paper draft.

COPART
500 1120 J
1451 LEBANON SCHOOL ROAD
WEST MIFFLIN, PA 15122 3431

BANK OF AMERICA
NORTHBROOK, IL 75889
COMMERCIAL DISBURSEMENT ACCOUNT
70-2328/719

159841

DATE 7-18-23

$ 10,220.75

PAY TO THE ORDER OF Smail Collision Center

ten thousand two hundred twenty dollars and 75/100 DOLLARS

TWO SIGNATURES REQUIRED IF OVER ONE THOUSAND DOLLARS.
NOT VALID IF OVER $10000.00. VOID IF OVER 3 MONTHS FROM CHECK DATE

FOR YARD # 174
REF LOT # 59385703
07/06/23 LLOYDS 174

[redacted]

L COLLISION CENTER

**PAYMENTS**
RO #: 47087

Est: SCOTT PENROD
(Electronic Signature)

| | |
|---|---|
| CR-V LX AWD<br>CK<br>D UTV<br>W6H32JH213625<br>1804 Plate: PA KYB1266<br>40275 -<br>.4L Gasoline Gaso | LM GENERAL INSURANCE COMPANY-<br>Adjustor:<br>Phone:<br>Claim #: 053599742-0004<br>Deductible: 0<br>Loss Type: Liability |

| | |
|---|---|
| | 10,134.95 |
| | 85.80 |
| tal | 10,220.75 |

| Type | Amount | Balance | Received By | Credit Card | Number | T |
|---|---|---|---|---|---|---|
| Check | 10,220.75 | 0.00 | Fields, Corrin | | 159841 | N |
| Total: | 10,220.75 | | | | | |



**EXHIBIT B**

**SMAIL COLLISION CENTER**

PO BOX 1200, 5037 ROUTE 30, GREENSBURG, PA 15601

Phone: (724) 838-1208

FAX: (724) 837-8262

| | |
|---|---|
| Workfile ID: | 63883c33 |
| PartsShare: | 7hf32g |
| Federal ID: | 25-1364230 |

## Unrelated Prior Damage

**Customer: HEITMAN, JAYSON**

**(Information Only)**

Written By: SCOTT PENROD (Electronic Signature), 542182

Adjuster: DURAN, DESIREE

| | | | | | |
|---|---|---|---|---|---|
| Insured: | HEITMAN, JAYSON | Policy #: | AMC | Claim #: | 052984074-0001 |
| Type of Loss: | COLL - unknown | Date of Loss: | 3/27/2023 12:00 PM | Days to Repair: | 5 |
| Point of Impact: | 12 Front | | | | |

| **Owner:** | **Inspection Location:** | **Insurance Company:** |
|---|---|---|
| HEITMAN, JAYSON | SMAIL COLLISION CENTER | LM GENERAL INSURANCE COMPANY |
| 536 TAYLOR ST | PO BOX 1200 | LIBERTY MUTUAL INSURANCE |
| GREENSBURG, PA 15601-4449 | 5037 ROUTE 30 | BOSTON |
| (724) 420-6551 Cell | GREENSBURG, PA 15601 | |
| | Repair Facility | |
| | (724) 838-1208 Business | |

## VEHICLE

2018 KIA Forte LX Automatic 4D SED 4-2.0L Gasoline MPI maroon

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| VIN: | 3KPFK4A75JE167518 | Interior Color: | unk | Mileage In: | 181,433 | Vehicle Out: | |
| License: | unk | Exterior Color: | maroon | Mileage Out: | | | |
| State: | PA | Production Date: | | Condition: | | Job #: | SP46513 |

| | | | |
|---|---|---|---|
| **TRANSMISSION** | **CONVENIENCE** | Stereo | **SEATS** |
| Automatic Transmission | Air Conditioning | Search/Seek | Cloth Seats |
| **POWER** | Intermittent Wipers | CD Player | Bucket Seats |
| Power Steering | Tilt Wheel | Auxiliary Audio Connection | Reclining/Lounge Seats |
| Power Brakes | Cruise Control | Satellite Radio | **WHEELS** |
| Power Windows | Rear Defogger | **SAFETY** | Wheel Covers |
| Power Locks | Keyless Entry | Drivers Side Air Bag | **PAINT** |
| Power Mirrors | Alarm | Passenger Air Bag | Clear Coat Paint |
| Heated Mirrors | Steering Wheel Touch Controls | Anti-Lock Brakes (4) | **OTHER** |
| **DECOR** | Telescopic Wheel | 4 Wheel Disc Brakes | Traction Control |
| Dual Mirrors | **RADIO** | Front Side Impact Air Bags | Stability Control |
| Tinted Glass | AM Radio | Head/Curtain Air Bags | Power Trunk/Liftgate |
| Console/Storage | FM Radio | Hands Free Device | |



**EXHIBIT C**

## Customer: HEITMAN, JAYSON

2018 KIA Forte LX Automatic 4D SED 4-2.0L Gasoline MPI maroon

| Line | | Oper | Description | Part Number | Qty | Extended Price $ | | Labor | Paint |
|---|---|---|---|---|---|---|---|---|---|
| 1 | # | | TOTAL LOSS | | 1 | | | | |
| 2 | # | | PROTECTIVE CARE AND CUSTODY | | 373 | 57,815.00 | X | | |
| 3 | # | | $155/ DAY FROM 3/28/23 | | 1 | | | | |
| 4 | # | Subl | PRE REPAIR SCAN | | 1 | 119.95 | T | | |
| 5 | # | | TEARDOWN | | 1 | | | 12.0 | |
| 6 | # | | ADMIN FEE | | 1 | | | 5.0 | |
| 7 | # | | WASH FOR SUPPLEMENT | | 1 | | | 1.0 | |
| 8 | # | | CRASH WRAP PER APPLICATION | | 1 | 14.00 | | 0.3 | |
| 9 | # | | PARTS RESTOCKING FEE | | 1 | 1,189.50 | | | |
| | | | | **SUBTOTALS** | | **59,138.45** | | **18.3** | **0.0** |

## NOTES

Prior Damage Notes:
rt frt hubcap, rt frt hubcap, frt bumper cover, left fender panel, missing bumper trim, missing fender liners, left frt door, and unk

## ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 1,203.50 |
| Body Labor | 18.3 hrs | @ | $ 68.00 /hr | 1,244.40 |
| Miscellaneous | | | | 57,934.95 |
| Subtotal | | | | 60,382.85 |
| **Grand Total** | | | | **60,382.85** |



EXHIBIT C

# SMAIL COLLISION CENTER

PO BOX 1200, 5037 ROUTE 30, GREENSBURG, PA 15601
Phone: (724) 838-1208
FAX: (724) 837-8262

| | |
|---|---|
| Workfile ID: | 5e5b3107 |
| PartsShare: | 7rQnCt |
| Federal ID: | 25-1364230 |

## Unrelated Prior Damage

**Customer: PECORA, SHERRI**

**(Information Only)**
Written By:
Adjuster: KEYS, KIMBERLY

| | | | | | |
|---|---|---|---|---|---|
| Insured: | RUSSO, MICHELE | Policy #: | AMC | Claim #: | 054024140-0002 |
| Type of Loss: | Liability | Date of Loss: | 7/1/2023 12:00 PM | Days to Repair: | 5 |
| Point of Impact: | 06 Rear | | | | |

**Owner:**
PECORA, SHERRI
1766 SANDY HILL RD
IRWIN, PA 15642-9435
(724) 961-4865 Cell

**Inspection Location:**
SMAIL COLLISION CENTER
PO BOX 1200
5037 ROUTE 30
GREENSBURG, PA 15601
Repair Facility
(724) 838-1208 Business

**Insurance Company:**
LIBERTY MUTUAL INSURANCE COMPANY
LIBERTY MUTUAL INSURANCE
BOSTON

## VEHICLE

2010 BENZ GLK-Class GLK350 4MATIC 4D UTV 6-3.5L Gasoline - TBD - Blue

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| VIN: | WDCGG8HB0AF396051 | Interior Color: | | Mileage In: | 137,559 | Vehicle Out: | |
| License: | JHB4296 | Exterior Color: | Blue | Mileage Out: | | | |
| State: | PA | Production Date: | | Condition: | | Job #: | SP47213 |

**TRANSMISSION**
Automatic Transmission
4 Wheel Drive
**POWER**
Power Steering
Power Brakes
Power Windows
Power Locks
Power Mirrors
Heated Mirrors
Power Driver Seat
Power Passenger Seat
**DECOR**
Dual Mirrors
Privacy Glass
Wood Interior Trim
**CONVENIENCE**
Air Conditioning
Intermittent Wipers
Tilt Wheel
Cruise Control
Rear Defogger
Keyless Entry
Alarm
Message Center
Rear Window Wiper
Telescopic Wheel
Climate Control
**RADIO**
AM Radio
FM Radio
Stereo
Search/Seek
CD Player
Auxiliary Audio Connection
**SAFETY**
Drivers Side Air Bag
Passenger Air Bag
Anti-Lock Brakes (4)
4 Wheel Disc Brakes
Traction Control
Stability Control
Front Side Impact Air Bags
Head/Curtain Air Bags
Hands Free Device
**ROOF**
Luggage/Roof Rack
**SEATS**
Bucket Seats
Leather Seats
**WHEELS**
Aluminum/Alloy Wheels
**PAINT**
Clear Coat Paint
**OTHER**
Fog Lamps
**TRUCK**
Power Trunk/Liftgate



**EXHIBIT D**

**Unrelated Prior Damage**

## Customer: PECORA, SHERRI

2010 BENZ GLK-Class GLK350 4MATIC 4D UTV 6-3.5L Gasoline - TBD - Blue

| Line | | Oper | Description | Part Number | Qty | Extended Price $ | | Labor | Paint |
|---|---|---|---|---|---|---|---|---|---|
| 1 | # | | **TOTAL LOSS** | | 1 | | | | |
| 2 | # | | ADMIN FEES | | 1 | | | 4.0 | |
| 3 | # | | TEAR DOWN | | 1 | | | 10.0 | |
| 4 | # | Subl | PRE REPAIR SCAN | | 1 | 119.95 | T | | |
| 5 | # | | WASH FOR SUPPLEMENT | | 1 | | | 1.0 | |
| 6 | # | | PROTECTIVE CARE AND CUSTODY | | 273 | 42,315.00 | X | | |
| 7 | # | | $155 / DAY FROM DAY OF ARRIVAL 7/06/23 | | 1 | | | | |
| 8 | # | | | | | | | | |
| 9 | # | | TOTALED VEHICLES MUST BE REMOVED FROM SMAIL COLLISION | | 1 | | | | |
| 10 | # | | PROPERTY WITHIN 10 DAYS OF VEHICLE OWNERS RELEASE | | 1 | | | | |
| 11 | # | | | | | | | | |
| 12 | # | | ANY FEES ASSOCIATED WITH THE VEHICLE MUST BE PAID | | 1 | | | | |
| 13 | # | | IN FULL BEGINING THE DAY OF ARRIVAL | | 1 | | | | |
| 14 | # | | | | | | | | |
| 15 | # | | **CONSENT FOR VEHICLE TO BE ON SMAIL PROPERTY ENDS 10 DAYS | | 1 | | | | |
| 16 | # | | FROM VEHICLE OWNERS PERMISSION TO RELEASE** | | 1 | | | | |
| | | | | **SUBTOTALS** | | **42,434.95** | | **15.0** | **0.0** |

### ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 0.00 |
| Body Labor | 15.0 hrs | @ | $ 72.00 /hr | 1,080.00 |
| Miscellaneous | | | | 42,434.95 |
| Subtotal | | | | 43,514.95 |
| Sales Tax | $ 1,199.95 | @ | 6.0000 % | 72.00 |
| **Grand Total** | | | | **43,586.95** |

**MyPriceLink Estimate ID / Quote ID:**

1106645061329756160 / 126115038



**EXHIBIT D**