IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SMAIL COMPANY, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> LIBERTY MUTUAL AUTO AND HOME SERVICES, LLC, <br><br> *Defendant.* | Civil Action No. 2:23-cv-2056 <br><br> Hon. William S. Stickman IV <br> Hon. Patricia L. Dodge |

## ORDER OF COURT

Plaintiff Smail Company, Inc. ("Plaintiff") commenced this action in October 2023 in the Court of Common Pleas of Westmoreland County by filing a complaint against Defendant Liberty Mutual Auto and Home Services, LLC ("Liberty Mutual") bringing claims of unfair competition (Count I), unjust enrichment (Count II), breach of contract (Count III) and bad faith under 42 Pa. C.S. § 8371 (Count IV). Liberty Mutual removed this case on the basis of diversity jurisdiction (ECF No. 1), and then filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 7). The Honorable Magistrate Judge Patricia L. Dodge issued a Report and Recommendation that the motion be granted in part and denied in part. (ECF No. 14). Objections were filed by Liberty Mutual (ECF No. 15), and then Plaintiff filed its opposition (ECF No. 16). The Court overruled Liberty Mutual's objections and adopted Magistrate Judge Dodge's Report and Recommendation (ECF No. 14) as its Opinion. It granted in part and denied in part the motion. The motion was granted in that Count I was dismissed with prejudice and Counts III and IV were dismissed without prejudice with leave to amend. The motion as denied was to Count II. (ECF No. 19).

1

Plaintiff then filed an Amended Complaint adding two additional Defendants, LM General Insurance Company ("LM General") and Safeco Insurance Company of America ("Safeco"), both of which are alleged to be wholly owned subsidiaries of Liberty Mutual. (ECF No. 20). Plaintiff brings claims of unjust enrichment against Liberty Mutual and LM General (Count I), breach of contract against LM General (Count II), bad faith against LM General (Count III), and fraud against all three defendants (Count V).[1] Defendants filed a Motion to Dismiss/Motion to Strike Plaintiff's Amended Complaint. (ECF No. 21). On September 13, 2024, Magistrate Judge Dodge issued a Report and Recommendation that the motion be granted with respect to Counts III and V and that Safeco be dismissed as a defendant. She recommended the motion be denied in all other respects. (ECF No. 28). Plaintiff filed objections. (ECF No. 30).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon review of Magistrate Judge Dodge's Report and Recommendation, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that Defendant's objections (ECF No. 30) to Magistrate Judge Dodge's Report and Recommendation are OVERRULED. The Court has exercised its *de novo* review and concurs

---

[1] The Amended Complaint does not include a claim identified as Count IV.

with Magistrate Judge Dodge's thorough analysis and her legal conclusions. It has independently reached the same legal conclusions for the same reasons expressed in the Report and Recommendation. Therefore, the Court hereby APOPTS Magistrate Judge Dodge's Report and Recommendation (ECF No. 28) as its Opinion.

AND NOW, this **30** day of September 2024, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss/Motion to Strike Plaintiff's Amended Complaint (ECF No. 21) is GRANTED IN PART and DENIED IN PART. The motion to strike is DENIED. The motion to dismiss is GRANTED as follows: Counts III and V are dismissed with prejudice.[2] Safeco is hereby TERMINATED as a party as the only claim against it (Count V) has been dismissed. In all other respects, the motion is DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2] The Court holds that amendment of these claims would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility); *see also* 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2024) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Plaintiff has already had one chance to amend, and it cannot overcome its pleading deficiencies. It is time for this case to move forward on the viable causes of action.