**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SMAIL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:23-cv-2056 |
| vs. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| LIBERTY MUTUAL AUTO AND HOME | ) | |
| SERVICES, LLC and  LM GENERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion for Sanctions filed by Plaintiff Smail Company, Inc. (ECF 47) in which it seeks sanctions based on Defendants' failure to prepare a corporate designee on certain deposition topics. For the reasons below, the motion will be denied with respect to the requested sanctions but some relief will be granted.

### I.    Relevant Background

Invoking Rule 37, Plaintiff asserts that because Defendants' Rule 30(b)(6) corporate designee was not prepared to answer questions about three storage payments made to Plaintiff by one of the Defendants in other matters, it is entitled to sanctions. Plaintiff claims that Defendants' conduct was willful and "shows a lack of good faith and gamesmanship."[1] (ECF 52-2 at 3.) Prior to filing the motion for sanctions, Plaintiff advised Defendants that it was willing to resolve the dispute if Defendants produced a prepared witness in Pittsburgh, paid the court reporter's "sitting fee," and paid Plaintiff's counsel for two hours of travel.

---

[1] In communications between counsel before the motion was filed, Plaintiff's counsel disputed defense counsel's characterization of this matter as a "minor issue," adding "(sounds like something conservatives say when they get caught with their hand in the cookie jar)."

In response, Defendants acknowledge that they misunderstood Paragraph 5 of the 30(b)(6) Notice of Deposition[2] and as a result, the corporate representative was not prepared to discuss the three storage payments that Defendants made to Plaintiff in other matters. They assert that they tried to resolve the issue by producing relevant documentation related to the storage charges and making the deponent available by video so that Plaintiff could question him on this topic. They also argue that since the witness is in Texas and Plaintiff's counsel is in Florida, producing the witness a second time in Pittsburgh is not reasonable given the limited topic at issue. Defendants also indicated a willingness to pay the court reporter's appearance fee.

As noted in the email communications between the parties, Plaintiff rejected Defendants' offer to produce the deponent remotely, noting Defendants' "desperation" and adding that "without a doubt you will charge your client far more that it would have paid me just to throw spaghetti against the wall and hope the Court bails you out by ignoring the plain law." (ECF 52-2 at 1).

## II.  <u>Discussion</u>

The sanctions requested by Plaintiff appear to include the following:[3]

> Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Rule 37 (b)(A)(ii). Specifically, the evidence sought relates to the Defendants' claim of lack of mitigation on behalf of the Plaintiff. Accordingly, the Defendants should be prevented from offering any evidence to support their claim of lack of mitigation. Further, they should be prevented from presenting evidence concerning their claim of "paying under protest". They should be prevented from presenting evidence that they did not have an equal opportunity to mitigate their damages. Further, the Defendant should be prevented from offering further evidence concerning the circumstances of payment relative to these vehicles. The Defendants should be bound by the lack of testimony provided by their representative and not be allowed

---

[2] Despite the fact that in a prior ruling, the Court ruled that certain topics in a previously served Notice of Deposition were overly broad or otherwise objectionable, Plaintiff served the same Notice upon Defendants.

[3] Contrary to local practice, Plaintiff failed to provide a proposed order of court that would clearly delineate the relief sought. The cited paragraph lacks such clarity.

to alter this silence later. <u>Shin Da Enters. v. Wei Xiang Yong</u>, Civil Action 21-3384
(E.D. Pa. Nov 23, 2022).  A. [sic]  Awarding attorney fees and costs.

(ECF 47 at 6-7).

The sanctions sought by Plaintiff, to the extent that they can be understood, are neither warranted nor proportional to resolve the matters at issue. While Plaintiff asserts that Defendants' conduct was willful and in bad faith, it provides no basis upon which to reach this conclusion. While Plaintiff is correct that it has a right to depose a designee on these topics, Defendants have provided a reasonable explanation for its misunderstanding. Fact discovery can and will be extended so that this discovery can be accomplished. And since the designee will be deposed on the topics at issue before the close of discovery, Plaintiff has neither sustained nor will it sustain any undue prejudice as a result. Similarly, there is insufficient justification to compel the witness to travel from Texas to Pittsburgh given the limited nature of the remaining inquiries. Therefore, unless Plaintiff's counsel elects to travel to Texas at his own expense, the renewed deposition will be conducted remotely. Defendants will be required to pay for the court reporter's appearance fee and for Plaintiff's copy of the transcript of the continued deposition. No other relief will be granted.

Plaintiff's motion for sanctions includes multiple paragraphs in which it takes issue with the Court's February 14, 2025 Order (ECF 46) that granted in part and denied in part Defendants' motion for protective order (ECF 44). Given Plaintiff's disagreement with the decision, it had every right and opportunity to move for reconsideration or file objections with the District Judge. It did neither. Thus, Plaintiff's complaints that the Court's decision was in error, was an improper statement of the law, and that the Court "improperly truncated the law in Pennsylvania" are not only untimely but irrelevant to resolving the present controversy.

Finally, the communications by Plaintiff's counsel in connection with this motion reflect a concerning display of discourteous behavior. Counsel for Plaintiff is reminded that in this district, counsel are expected to communicate at all times in a professional and courteous manner. The Court assumes that all future communications between counsel will conform to this expectation.

Therefore, this 7th day of April, 2025, it is ORDERED that Plaintiff's motion for sanctions is granted in limited part but DENIED with respect to the relief requested.

It is further ORDERED that the topics of the continuation of the deposition of Defendants' corporate designee are limited to the three storage payments at issue and will be conducted by video unless Plaintiff elects to travel at its expense to the location of the designee. Defendants shall pay for the court reporter's appearance fee and for Plaintiff's copy of the transcript of the continued deposition of Defendants' corporate designee.

BY THE COURT:


/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

4