**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SMAIL COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>vs )<br>)<br>)<br>)<br>LIBERTY MUTUAL AUTO AND HOME )<br>SERVICES, LLC, et al., )<br>)<br>Defendants. ) | Civil Action No. 23-2056<br><br>Judge Stickman<br>Magistrate Judge Dodge |

**MEMORANDUM OPINION**

As this action is currently postured, Plaintiff Smail Company, Inc. ("Smail") asserts claims against Defendants Liberty Mutual Auto and Home Services, LLC ("Liberty Mutual Auto & Home") and LM General Insurance Company ("LM General"). Smail's claims arise from Defendants' refusal to pay for its services in inspecting and storing vehicles owned by Jayson Heitman ("Heitman") and Sherri Pecora ("Pecora") that were damaged in separate accidents and brought to Smail for repair.

Pending before the Court is Smail's motion for leave to file a Second Amended Complaint (ECF No. 73). For the reasons below, its motion will be denied.

**I.  Relevant Procedural History**

Smail commenced this action in October 2023 by filing a Complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania, naming only Liberty Mutual Auto & Home as a defendant and containing claims relating only to the Heitman vehicle. The Complaint asserted claims of unfair competition (Count One), unjust enrichment (Count Two), breach of contract (Count Three) and bad faith under 42 Pa. C.S. § 8371 (Count Four). The breach of

contract and bad faith claims were brought by Smail as the assignee of Heitman, and the unfair competition and unjust enrichment claims were brought by Smail in its own right.

Liberty Mutual Auto & Home removed the action to this Court on the basis of diversity jurisdiction. It then moved to dismiss (ECF No. 7). On April 3, 2024, a Report and Recommendation ("R&R") was issued recommending that the motion be granted in part and denied in part (ECF No. 14). Judge Stickman subsequently adopted the R&R as the opinion of the Court (ECF No. 19), resulting in the dismissal of Count One with prejudice and the dismissal of Counts Three and Four without prejudice and with leave to amend. As for Count Two, the motion to dismiss was denied.

Smail then filed an Amended Complaint on May 12, 2024 (ECF No. 20). It added two Defendants, LM General[1] and Safeco Insurance Company of America ("Safeco"), both of which were alleged to be wholly owned subsidiaries of Liberty Mutual Auto & Home. The Amended Complaint also added allegations about a vehicle owned by Pecora. Plaintiff asserted claims of unjust enrichment against Liberty Mutual Auto & Home and LM General (Count I), breach of contract against LM General (Count II), bad faith against LM General (Count III) and fraud against all three Defendants (Count "V").[2]

Defendants subsequently filed a motion to dismiss/motion to strike the Amended Complaint (ECF No. 21). On September 13, 2024, an R&R was issued recommending that the motion be granted in part and denied in part (ECF No. 28). On September 30, 2024, Judge

---

[1] Liberty Mutual Auto & Home had moved to dismiss the original Complaint on the ground, among others, that Heitman's policy was issued by LM General.

[2] The Amended Complaint did not include a claim identified as Count IV. The proposed Second Amended Complaint repeats this omission.

Stickman issued an order adopting the R&R as the opinion of the Court (ECF No. 31). As a result, Counts III and V were dismissed with prejudice and Safeco, which was only named in Count V, was dismissed as a defendant.

Following an initial case management conference, the Court issued a Case Management Order on November 13, 2024 (ECF No. 41). In that order, the deadline for amendment of the pleadings or adding new parties was December 13, 2024. Fact discovery was scheduled to end on April 14, 2025, although this deadline was later extended to June 16, 2025. The parties proceeded with fact discovery and several motions were brought and resolved.

On June 3, 2025, Smail filed the pending motion for leave to file a Second Amended Complaint (ECF No. 73). Defendants oppose the motion (ECF No. 75).

In the proposed Second Amended Complaint, Smail adds Liberty Mutual Insurance Company as a defendant with respect to Count I.[3] Other than this addition, the proposed amendment merely restates all of the claims that had been asserted against all the parties in the Amended Complaint, including those claims dismissed with prejudice in Judge Stickman's September 30, 2024 Order.

In the motion to amend, Smail states that, "The proposed amended complaint contains dismissed claims but the Plaintiff is not seeking to reallege these claims. Rather, the claims are included in the proposed amended complaint for the sole purpose of avoiding claims of waiver on Appeal." (ECF No. 73 at 2 n.2.)

---

[3] Among other things, Smail alleges that "Safeco, LM General and Liberty [Mutual Insurance Company] are wholly owned corporate subsidiaries of Liberty Mutual [Auto & Home]." (ECF No. 73 Ex. 2 ¶ 6.)

3

**II.    Analysis**

   A. <u>Motion to Add Liberty Mutual Insurance Company as a Defendant</u>

In seeking to amend the Amended Complaint, Smail relies on Rule 15(a), which provides that when a party moves to amend, "the court should freely give leave when justice so requires." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). As the Court of Appeals for the Third Circuit has held, however, a party seeking to amend after the deadline established in a case management order must meet the good cause standard of Federal Rule of Civil Procedure 16(b)(4), not the more liberal standard of Rule 15(a)(2). *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Smail did not seek leave to amend until June 3, 2025, well past the December 13, 2024 deadline established in the Case Management Order.

Smail's sole proffered reason for seeking leave to amend is that it learned at a deposition on an unspecified date that Liberty Mutual Insurance Company was associated with the Pecora claim. Defendants dispute this assertion, noting that Smail knew when it filed the Amended Complaint on May 12, 2024, if not earlier, that Liberty Mutual Insurance Company was involved with the Pecora claim. The Amended Complaint attaches an exhibit that includes the heading "Smail Collision Center" and provides information about the Pecora vehicle, including identifying the insurer as "Liberty Mutual Insurance Company, Liberty Mutual Insurance, Boston." (ECF No. 20 Ex. D at 1.)

Defendants also contend that the allegations in the proposed Second Amended Complaint incorrectly state that Liberty Mutual Auto & Home owns Liberty Mutual Insurance Company and LM General. In Defendants' January 30, 2025 verified Answers to Plaintiff's First Set of Interrogatories, they state that Liberty Mutual Auto & Home is not an underwriting company and

that it is a wholly owned subsidiary of Liberty Corporate Services, LLC, which in turn is a wholly owned subsidiary of Liberty Mutual Group, Inc. According to Defendants, Liberty Mutual Insurance Company is also a wholly owned subsidiary of Liberty Mutual Group, Inc. and LM General is a wholly owned subsidiary of Liberty Mutual Insurance Company. (ECF No. 52-1 at 2, answer to interrog. No. 3.) Defendants' interrogatory answers also specifically identify Liberty Mutual Insurance Company as the entity involved in the Pecora claim. (ECF No. 52-1 at 4, answer to interrog. No. 11.)

The Court concludes that Smail has failed to demonstrate good cause for amendment of the Amended Complaint to add Liberty Mutual Insurance Company as a party. While Smail states that it learned during a deposition that Liberty Mutual Insurance Company was involved in matters related to the Pecora vehicle, it provides no time frame regarding its discovery, and does not argue that this information was concealed from it or that it learned of this information only recently. In fact, as reflected in an attachment to the Amended Complaint Smail filed more than a year ago, a Smail-generated document specifically identifies Liberty Mutual Insurance Company as an insurer of the Pecora vehicle.[4] Smail was also provided with interrogatory answers in February 2025 that identified Liberty Mutual Insurance Company as the entity involved in the Pecora claim. Despite this knowledge, Smail made no effort to seek to add it as a party until June 3, 2025, well after the December 13, 2024 deadline for amendment of pleadings, nor does it adequately explain its delay in seeking leave to amend.

Thus, because Smail has not met the good cause standard of Federal Rule of Civil

---

[4] The only date on the document is April 4, 2024. This appears to be the date on which it was printed rather than when it was drafted because Exhibit C to the Amended Complaint, which references the Heitman vehicle, reflects the same date.

5

Procedure 16(b)(4), its request to amend the Complaint to add Liberty Mutual Insurance Company as a party will be denied.[5]

As discussed below, the Second Amended Complaint is also rejected because it reasserts claims and parties who have been dismissed.

B. Reasserting Dismissed Claims

Other than adding Liberty Mutual Insurance Company, the proposed Second Amended Complaint mirrors the Amended Complaint, including reasserting all of the dismissed claims and again including Safeco as a party despite its dismissal. The suggested amendment is both procedurally unnecessary and is likely to lead to confusion and additional motions practice.

As the Court of Appeals has held, "the proper rule allows plaintiffs to appeal dismissals despite amended pleadings that omit the dismissed claim *provided* repleading the particular cause of action would have been futile." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007) (footnote omitted). "Repleading is futile when the dismissal was 'on the merits.' A dismissal is on the merits when it is with prejudice or based on some legal barrier other than want of specificity or particularity." *Id.*

Counts III and V of the Amended Complaint were dismissed with prejudice. Thus, because repleading them would be futile, it is unnecessary for Smail to reassert these dismissed claims to preserve them for appeal. Moreover, as courts have observed, excluding these claims

---

[5] In response to Smail's request that they consent to the amendment, Defendants proposed a stipulation by which the caption would be amended to identify the Defendants as Liberty Mutual Insurance Company and LM General, the insurers of the vehicles at issue. Smail rejected this proposal. Smail argues that Defendants are improperly attempting to relitigate the inclusion of a claim against Liberty Mutual Auto & Home in this litigation. (ECF No. 73 at 2 n.1.) However, neither of the motions to dismiss directly sought dismissal of the unjust enrichment claim against Liberty Mutual Auto & Home.

from a proposed amended complaint "will greatly simplify the litigation, avoid confusion as to what claims are currently in and what claims are currently out, and may spare the parties some additional motions practice." *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 577 (E.D. Pa. 2008), *aff'd*, 767 F.3d 247 (3d Cir. 2014). Similarly, it would be futile to again name Safeco as a defendant because the sole claim against Safeco in Count V was previously dismissed with prejudice.

### III.     Conclusion

For these reasons, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 73) will be denied.

An appropriate order follows.

Dated: June 11, 2025

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge