IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SMAIL COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 23-2056 |
| ) | Judge Stickman |
| LIBERTY MUTUAL AUTO AND HOME ) | Magistrate Judge Dodge |
| SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Smail Company, Inc. ("Smail") has filed a motion for reconsideration (ECF No. 78) of this Court's June 11, 2025 Memorandum Opinion (ECF No. 76) and Order (ECF No. 77) that denied its motion for leave to file a Second Amended Complaint. For the reasons that follow, Smail's motion will be denied.

**I. Relevant Procedural History**

On June 3, 2025, Smail filed a motion for leave to file a Second Amended Complaint (ECF No. 73). Defendants opposed the motion (ECF No. 75).

A Memorandum Opinion (ECF No. 76) and Order (ECF No. 77) were issued on June 11, 2025, denying Smail's motion for leave to amend. The same day, Smail filed a motion for reconsideration (ECF No. 78), which Defendants have opposed (ECF No. 82).

**II. Discussion**

A. **Standard of Review**

Typically, a party seeking reconsideration must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need

to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). *See also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

However, a motion for reconsideration of an interlocutory order, such as a denial of a motion to amend, is governed by Rule 54(b), which states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Thus, "[t]he court may permit reconsideration whenever 'consonant with justice to do so.'" *Nyamekye v. Mitsubishi Elec. Power Prod., Inc.*, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018) (Conti, C.J.) (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)). *Jackson v. O'Brien*, 2021 WL 3174687, at *1 (W.D. Pa. July 27, 2021) (Lanzillo, M.J.) ("A motion for reconsideration is also appropriate in instances where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.") Nevertheless, "a movant must still establish good cause for why the court should revisit its prior decision." *Michalek v. Nationwide Mut. Fire Ins. Co.*, 2022 WL 1782503, at *2 (W.D. Pa. June 1, 2022).

B. Proposed Amendment

In the proposed Second Amended Complaint, Smail adds Liberty Mutual Insurance Company as a defendant with respect to Count I, which alleges a claim of unjust enrichment under Pennsylvania law. Other than this addition, the proposed amendment restates all of the

claims that had been asserted against all parties in the Amended Complaint, including those claims that were dismissed with prejudice in Judge Stickman's September 30, 2024 Order (ECF No. 31).

With respect to this issue, Smail relied on Rule 15(a), which provides that when a party moves to amend, "the court should freely give leave when justice so requires." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). The Court explained in its opinion that Smail had applied the wrong standard.

As noted by Court of Appeals for the Third Circuit in a 2020 opinion:

> we take this opportunity to clarify that when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.

*Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Thus, the Court of Appeals recognized a bright-line rule: prior to the deadline in a case management order, the liberal standard of Rule 15(a) applies, but after that date, the "good cause" standard of Rule 16(b)(4) applies.

In its motion for reconsideration, Smail asserts that the Court erred in applying the good cause standard and that *Premier* is distinguishable because the court in that case had allowed approximately nine months for parties to amend the pleadings. However, there is no lack of clarity as to the holding in *Premier*; simply put, Smail must show good cause for leave to amend after the deadline for amendment. Smail also attempts to rely on two district court cases that applied the Rule 15(a) standard and allowed amendment. *See Walsh v. Ideal Homecare Agency, LLC*, 2021 WL 4445003 (W.D. Pa. Sept. 28, 2021); *Strictly F/X L.L.C. v. Pyrotecnico F/X, L.L.C.*, 2021 WL 75261 (W.D. Pa. Jan. 8, 2021). In both of these cases, however, amendment

was sought *prior* to the deadline in the case management order. Thus, these cases do not support Smail's position.[1] Thus, contrary to Smail's assertion that the denial of its motion was "hyper technical," the Court properly applied the standard of Rule 16(b)(4) as clarified by the Third Circuit.

Smail did not address Rule 16(b)(4) or discuss good cause in its motion to amend. And in its motion for reconsideration, Smail does not assert that it had good cause for amending its complaint at this juncture. While it argues that Liberty Mutual Insurance Company "has already been apart [sic] of the litigation" (ECF No. 78 at 3) and "has already been participating in the litigation" (*id.* at 5), it fails to explain why, given this assertion, it did not seek to add this entity as a defendant well before now. As noted in the Memorandum Opinion, Smail was on notice, at the latest, in May of 2024 that Liberty Mutual was involved with the Pecora claim.

The Memorandum Opinion also rejected Smail's argument that it was required to reassert claims and parties that had been dismissed with prejudice in order to preserve them for purposes of appeal. In its present motion, Smail does not address this aspect of the ruling, and therefore provides no basis for reconsidering the decision to deny its motion to amend.

As Smail notes: "It is not proper to use a motion for reconsideration to ask a court to rethink a matter is has fully and completely reasoned out whether that decision is right or wrong." (ECF No. 78 at 5) (citing *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). The Court agrees. As Smail has provided no basis for reconsideration, its motion will be denied.

---

[1] Although Smail states that providing "only 30 days to amend the pleadings" was "unreasonable" (ECF No. 78 at 3), this deadline was proposed by the parties in their Rule 26(f) Report and then adopted by the Court. (ECF No. 36 at 3 ¶ 9(c).)

Finally, notwithstanding Smail's misperceptions of bias or favoritism, the Court's rulings are based on the facts and the law as presented by the parties. Dissatisfaction with these rulings is not evidence of bias, and any suggestion to the contrary is without merit.

### III. Conclusion

For the reasons explained above, Plaintiff's motion for reconsideration (ECF No. 78) will be denied.

An appropriate order will follow.

Dated: June 23, 2025                               BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE