**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SMAIL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 23-2056 |
| | ) | |
| LIBERTY MUTUAL AUTO AND HOME | ) | Magistrate Judge Patricia L. Dodge |
| SERVICES, LLC, and LM GENERAL | ) | Judge William S. Stickman |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiff Smail Company, Inc. has moved to disqualify the undersigned from the above-captioned action (ECF No. 87). For the reasons below, its motion will be denied.

### I.    <u>Relevant Background</u>

Plaintiff contends that the Court is biased and must recuse because it applied the same standards differently depending on whether the moving party was Plaintiff or Defendants. As reflected in the examples on which Plaintiff attempts to rely, there is no basis for Plaintiff's contention.

The first matter raised by Plaintiff relates to events that occurred after Liberty Mutual Auto and Home Services, LLC (then the only defendant) removed the case from state court on December 1, 2023. According to Plaintiff, the Court granted (ECF No. 5) Defendant's motion for an extension of time to respond to the Complaint (ECF No. 4) without seeking a response from Plaintiff. Plaintiff represents that it intended to oppose the motion and move for a default. Because of the extension granted, Plaintiff contends, Defendant had an additional 60 days to file a motion to dismiss.

1

What is missing from Plaintiff's description is the fact that the Court initially found that Defendant's Notice of Removal did not fully address subject matter jurisdiction because Defendant is an LLC. As a result, an order was entered directing Defendant to file an amended notice of removal by December 19, 2023 (ECF No. 3). Defendant filed its amended notice by December 11, 2023, but also asked for 30 days in which to move to dismiss.

Plaintiff argues that the Court's text order granting the motion for extension of time did not address whether Defendant had shown "good cause" for this extension. While technically accurate, it is the Court's practice to routinely grant reasonable motions for extension of time as stated in its Practices and Procedures. This is typically done by text order and without explicitly stating that good cause has been shown under Rule 6.[1] Motions for extension of time filed by Plaintiff have been addressed in the same manner. See ECF Nos. 25, 54 (text orders granting Plaintiff's motions for extension of time without stating that good cause was shown). Plaintiff does not address these orders.

Plaintiff neither sought reconsideration of the Court's order granting an extension of time nor directed objections to District Judge Stickman regarding this ruling.

Plaintiff's next issue concerns a Memorandum Order issued on April 7, 2025 (ECF No. 53) that denied the relief sought in Plaintiff's motion for sanctions (ECF No. 47) but required a second deposition at Defendants' expense. Plaintiff contends that this Court implicitly found "good cause"

---

[1] As for Plaintiff's stated intention to have otherwise pursued a default judgment, default is "an extreme remedy," and as noted by the Court of Appeals, it is its "preference that cases be disposed of on the merits whenever practicable" and "entry of such a judgment is generally disfavored." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 138 (3d Cir. 2017) (citations omitted).

for Defendants' representation that they misunderstood a Court order but did not explain its ruling. Plaintiff filed objections (ECF No. 55) to this Court's Memorandum Order that same day. Judge Stickman overruled these objections in a May 7, 2025 order (ECF No. 70), stating that he agreed with this Court's analysis of the issues and its conclusions.

Plaintiff also contends that contrary to the Court's approach to Defendants' motions and responses, the "good cause" standard was applied "vigorously" when Plaintiff belatedly moved to file a Second Amended Complaint to add Liberty Mutual as a defendant. (ECF No. 76.) In fact, Plaintiff's motion did not assert that it had "good cause" for seeking an amendment, but instead invoked the liberal amendment standard of Rule 15(a). As the Court explained in its opinion, Plaintiff applied the wrong standard. Because Plaintiff did not move to amend to add a party until after the deadline in the Case Management Order, the good cause standard of Rule 16(b)(4) applies. Rule 16(b)(4) was not addressed by Plaintiff.

Plaintiff did not assert objections to Judge Stickman with respect to this ruling. Instead, it filed a motion for reconsideration (ECF No. 78) of the order denying the motion to amend (ECF No. 77). In its motion, it claimed, among other things, that it had identified "the Court's prior lackadaisical application of the good cause standard but of course this fell upon apparently biased ears, and the motion was denied." (ECF No. 87 at 5.) Plaintiff's motion also asserted various complaints about its perception of the Court's bias and favoritism.

On June 23, 2025, the Court denied the motion for reconsideration (ECF Nos. 85, 86) in an opinion that reiterated the basis for its ruling and noted that "the Court's rulings are based on the facts and the law as presented by the parties. Dissatisfaction with these rulings is not evidence of bias, and any suggestion to the contrary is without merit." (ECF No. 85 at 5.)

3

Plaintiff did not assert objections to Judge Stickman regarding this ruling. Instead, its motion to disqualify followed.

## II.    **Analysis**

Plaintiff seeks disqualification of this Court. Under the relevant statute:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

"A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias.... Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283, 343 (3d Cir. 1998) (internal quotations omitted); *see Massachusetts School of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality.")

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). This is because: "In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* As the Supreme Court stated:

4

opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.*

Plaintiff points to no extrajudicial factors at all, much less any that suggest bias. Similarly, it does not reference any statements by the undersigned which would suggest deep-seated favoritism or antagonism towards Plaintiff. And as discussed above, its arguments about good cause fail to demonstrate any basis for disqualification. Indeed, Plaintiff has demonstrated no basis to conclude that the Court's impartiality might reasonably be questioned.[2] Rather, it is clearly dissatisfied with certain rulings by the undersigned. That is an insufficient ground on which to seek recusal, however. "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal, *see, e.g., In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990), and we reiterate that principle here." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

---

[2] Plaintiff cites two cases in support of its motion, but neither is on point. *In re Kensington International Ltd.*, 368 F.3d 289 (3d Cir. 2004), involved a district judge who presided over asbestos-related bankruptcy cases and appointed attorney advisors to inform him about related issues. However, two of the advisors had conflicts of interest and were not truly disinterested in the outcome of the proceedings. And in *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155 (3d Cir. 1993), a district judge accused the petitioners themselves of acting in bad faith and responded in detail to a petition for a writ of mandamus indicating that he had taken a personal interest in the case.

Simply put, Plaintiff has provided no basis on which the Court's impartiality might reasonably be questioned. Therefore, its motion will be denied.

AND NOW, this 17th day of July, 2025, IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify Honorable Patricia L. Dodge (ECF No. 87) is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal will have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

/s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE