**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SMAIL COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>vs )<br>)<br>)<br>)<br>LIBERTY MUTUAL AUTO AND HOME )<br>SERVICES, LLC, et al., )<br>)<br>Defendants. ) | Civil Action No. 23-2056<br>Judge Stickman<br>Magistrate Judge Dodge |

## MEMORANDUM ORDER

Plaintiff Smail Company, Inc. has filed a Verified Petition for Fees Pursuant to This Court's Order Dated August 13, 2025 (ECF No. 106) and Defendants have filed a response in opposition (ECF No. 117). For the reasons that follow, Plaintiff's motion for attorney's fees will be granted in part and denied in part.

**I.   Relevant Procedural History**

On July 3, 2025, Plaintiff filed a motion for sanctions (ECF No. 88), which was based on the instruction directed by counsel for Defendants to Greg Alway, Defendants' Rule 30(b)(6) witness, not to answer certain questions posed by Smail at a deposition on June 11, 2025.[1] A Memorandum Order was subsequently entered (ECF No. 93) that granted Plaintiff's motion in part. In the Order, the Court concluded that Defendants improperly instructed Mr. Alway not to answer two questions during this deposition.[2] Plaintiff provided no authority for certain relief it sought, which was striking Defendants' Answer and New Matter. However, the Court determined

---

[1] This was the second deposition of Mr. Alway.
[2] Plaintiff did not identify the questions that Mr. Alway was instructed not to answer but attached several pages from the deposition. Based on its review of these pages, the Court determined that two questions were not answered. Neither party has disputed this conclusion.

that Plaintiff could seek reasonable attorney's fees as a sanction. Plaintiff was directed to submit a petition for attorney's fees and costs to which it claimed to be entitled. Defendants first moved for reconsideration of the Court's order but then appealed the sanctions order (ECF No. 108) to the district judge, rendering the reconsideration motion moot. On September 5, 2025, Judge Stickman issued an Order (ECF No. 114) that affirmed this Court's sanctions order.[3]

Plaintiff has submitted a petition for fees (ECF No. 106), which it later supplemented. (ECF No. 116). Defendants have filed a response in opposition to the petition (ECF No. 117).

## II. The Parties' Positions

Plaintiff seeks the recovery of various categories of fees and costs, including the time spent preparing the initial motion for sanctions and reviewing Defendants' response; time incurred for preparing the fee petition; time spent reviewing Defendants' motion for reconsideration; time spent reviewing and responding to Defendants' "exceptions"; two-fifths of the travel time to the deposition in Dallas, Texas; and costs that include a rental car and two-fifths of the cost of a hotel room.[4] Plaintiff indicates that the total time spent on these activities was 27 hours, which when multiplied by its counsel's hourly rate of $375.00, results in requested attorney's fees of

---

[3] In its motion for sanctions, Plaintiff did not ask to take a third deposition of Defendants' designee and as a result, the Court stated in its order that fact discovery had closed. Plaintiff then filed a "Motion for Clarification" (ECF No. 97), in which it argued that it had previously sought an extension of discovery for the (implied) purpose of conducting a third deposition. On August 14, 2025, the Court issued a Memorandum Order explaining that pursuant to the Federal Rules of Civil Procedure, Plaintiff could not conduct a third deposition of Mr. Alway without the agreement of opposing counsel or a court order. Plaintiff then filed a "Motion for Leave to Conduct Third Deposition of Defendants" (ECF No. 105), which Defendants opposed (ECF No. 111). The Court has ruled on Plaintiff's motion (ECF No. 118).

[4] Plaintiff explains that it multiplied the travel time and hotel cost by a fraction of 2/5 because it contends that Mr. Alway's second deposition lasted approximately three hours but would have lasted five hours if he had been properly prepared and had not been instructed not to answer certain questions. (ECF No. 106 at 3.) The fee petition describes the claimed travel time as follows: "Based on flight time to and from Dallas, travel time to Pittsburgh airport. Due to personal reasons the Plaintiff's counsel actually drove to Dallas."

$10,125.00, plus $110.00 in costs, consisting of 2/5 of a hotel room at $150.00, or $60.00, and $50.00, the cost one day of car rental. Thus, the total fees and costs requested is $10,235.00.

Defendants oppose Plaintiff's fee petition in its entirety on several grounds. First, they contend that Plaintiff improperly seeks fees such as travel time and expenses for counsel's trip to Dallas despite the fact that the Court indicated in its order that the deposition could take place remotely.

Second, they contend that the petition is not supported by contemporaneous time records, which is not required but is "the preferred practice." *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 401 (3d Cir. 2018) (citation omitted).

Defendants also argue that Plaintiff has not demonstrated that the hourly rate of its counsel is "reasonable in light of the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 402 (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).

In addition, Defendants object to the fees sought on the ground that, "When a party submits a fee petition, it is not the 'opening bid in the quest for an award.'" *Id.* at 403 (citation omitted). In this context, they reference a communication from Plaintiff's counsel that was made before submitting the fee petition.[5]

Finally, Defendants contend that the hours expended on certain activities is excessive.

---

[5] Defendant states that Plaintiff's counsel made an offer to resolve the issue for $3,950.00, accompanied by the following statement: "I will file the petition and while I will likely not get every penny it is a good bet I will get far more than what an amicable resolution would cost." (ECF No. 101-4 at 1, 2.)

**III.    Discussion**

As an initial matter, and contrary to Defendants' argument, the facts in this case do not resemble those that formed the basis for the Third Circuit's decision in *Clemens*. In *Clemens*, the Court of Appeals held that a district court did not abuse its discretion when it denied a fee petition in its entirety. The Court's decision was based on a number of factors that included the following: (1) the court's lodestar calculation reduced the requested fee by eighty-seven percent; (2) counsel did not maintain contemporaneous records but instead "recreated" records through estimates; (3) many of the time entries were vague; (4) some of the entries were unnecessary and excessive; (5) counsel failed to establish a basis for their rates or their reasonableness in the community; and (6) the fee petition did not distinguish which attorney performed each task.

The Third Circuit concluded that these deficiencies justified the district court's decision to deny the entire fee request. *Id.* at 403. The court did not hold, however, that when a court reduces a fee petition, it must deny the petition entirely. In fact, the Court of Appeals more recently stated that "only in drastic cases that rise to the level of attorney fraud or stupefying negligence and exploitation has our Court completely denied the fees incurred in preparing a motion for attorneys' fees." *Pocono Mountain Sch. Dist. v. T. D.*, 2023 WL 2983501, at *6 (3d Cir. Apr. 18, 2023).

As Plaintiff notes in its Petition, the Court has consideration discretion in determining the amount of a fee award. (ECF 106 at 2.) At outlined below, the Court will employ its discretion to reduce the fees and costs sought.

As an initial matter, Plaintiff has failed to demonstrate that its counsel's hourly rate is reasonable in light of the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' *Clemens*, 903 F.3d at 402 (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)).

4

In addition, Plaintiff seeks fees and costs for tasks and expenses that are not relevant to the alleged harm. Specifically, the expenses and time for travel to Dallas for the deposition have nothing to do with the basis for the motion for sanctions. As Defendants observe, Plaintiff's counsel elected to travel to Dallas at his own expense[6] and his decision to do so is unrelated to Defendants' counsel's instruction to the witness not to answer certain questions. The deposition took place as scheduled, lasted about three hours, and the motion for sanctions only addressed the instruction not to answer two questions and any required follow up. Further, the costs for the hotel and rental car are not supported by receipts. As a result, the Court will not award any fees or costs associated with travel to Dallas.

Counsel "should make a good faith effort to exclude from a fee request any hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). While the Court has ruled that Plaintiff is entitled to an award of reasonable attorney's fees associated with the motion for sanctions and the activities identified are, for the most part, appropriate, it will exercise its discretion to reduce the amounts requested. As an initial matter, the Court notes the following:

1. Plaintiff has two time entries on July 2, 2025 for reviewing the first deposition transcript. While there are references in the motion for sanctions to the first deposition, the time is excessive given that the motion addressed Defendants' instruction not to answer several questions in the second deposition. Therefore, the time will be reduced from 3.5 hours to 1 hour.

2. The 5.5 hours recorded for researching and preparing the motion for sanctions will be reduced. It is unclear from a review of the motion what research was necessary. The motion does not include any case citations and attorney time for reviewing the deposition transcript occurred on July 2, 2025. The motion also includes multiple

---

[6] In its order permitting a second deposition, the Court stated that "unless Plaintiff's counsel elects to travel to Texas at his own expense, the renewed deposition will be conducted remotely." (ECF No. 53 at 3.)

references to prior court rulings and related matters that are not relevant to the motion, and the motion itself is limited to less than four full pages. Based upon a review of the motion, a reasonable time for preparing this motion is 1.5 hours, and therefore, the time will be reduced from 5.5 to 1.5 hours.

3. Plaintiff's review of Defendants' six-page response to the motion for sanctions will be reduced from 1.5 hours to 1 hour.

4. Plaintiff will not be awarded fees for the time recorded on August 13, 2025 of .2 hours in which it submitted an "opening offer."

5. Plaintiff seeks compensation for 4.5 hours for research and preparation of the fee petition. The petition consists of three pages of argument regarding the basis for the fees requested, and one and one-half pages of a chart that sets forth the date of the legal services rendered, the hours spent and a description of the work performed. The Petition references three cases in support of its petition and presumably, the time spent on the tasks identified was not recreated days or weeks later but was contemporaneously recorded/documented by Plaintiff. Thus, any research that may have been necessary appears to have been minimal. Thus, given the length of the petition and the fact that extensive research should not have been necessary, the Court concludes that the time will be reduced from 4.5 hours to 1.5 hours.

6. Plaintiff seeks compensation for 5 hours of time for reviewing and responding to Defendants' motion for reconsideration. Based upon the length of Defendants' motion and Plaintiff's response, the Court will reduce the time to 2 hours. The Court notes the response included multiple assertions that were not relevant to the merits of the reconsideration motion.

7. Plaintiff will not be compensated for any time spent in reviewing and responding to "exceptions" on "September 25, 2025."[7] Judge Stickman did not order a response from Plaintiff. The Court also notes that a significant portion of this response is identical to Plaintiff's response to the motion for reconsideration. This will reduce the fees by an additional 3.5 hours.

Thus, even if the Court employs the hourly rate proposed by Plaintiff, the fees would be reduced to $2,475.00 After applying these reductions and reviewing the totality of the circumstances, including Plaintiff's failure to demonstrate that his hourly rate is reasonable in this community, its counsel's acknowledgement that it was unlikely to recover all fees and costs

---

[7] The stated date of the time entry is well after the date when the Addendum in which it appears was filed.

requested in the petition, and the limited extent of any harm to Plaintiff based on the nature of the underlying conduct of Defendants, the Court exercises its discretion to award Plaintiff $2,000.00 in fees and no costs.

### III. Conclusion

And now, this 16th day of October, 2025, for the reasons explained above, the petition for fees filed by Plaintiff (ECF No. 106) is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $2,000.00 in attorney's fees. Plaintiff is not entitled to any award of costs.

Defendants shall pay these fees to Plaintiff within thirty days of the date of this order.

If any party requires an extension of time to assert objections to this Order, they may file an appropriate motion.

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE