IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SMAIL COMPANY, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>LIBERTY MUTUAL AUTO AND HOME SERVICES, LLC, *et al*,<br><br>*Defendants*. | Civil Action No. 2:23-cv-2056<br><br>Hon. William S. Stickman IV<br>Hon. Patricia L. Dodge |

**ORDER OF COURT**

Plaintiff Smail Company, Inc. ("Smail") commenced this action in October 2023 in the Court of Common Pleas of Westmoreland County by filing a complaint. Defendant Liberty Mutual Auto and Home Services, LLC ("LMAHS") removed this case on the basis of diversity jurisdiction. (ECF No. 1). The remaining claims in this case are unjust enrichment against LMAHS and LM General Insurance Company ("LM General") (collectively, "Defendants") (Count I) and breach of contract against LM General (Count II). Once discovery concluded, Defendants filed a motion for summary judgment. (ECF No. 129). United States Magistrate Judge Patricia L. Dodge issued a Report and Recommendation recommending that the motion should be granted in its entirety and judgment entered in favor of Defendants and against Smail. (ECF No 142).

Smail filed objections to the Report and Recommendation, primarily taking issue with the Heitman vehicle claims against LM General.[1] (ECF No. 145). Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge.

[1] Defendants then filed a response to the objections. (ECF No. 146).

28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id*. Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id*. at 248. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. *Anderson*, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.*, at 252; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985) (citing *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981)).

Upon review of Magistrate Judge Dodge's Report and Recommendation, the objections filed thereto, and the Court's *de novo* review of the record in this matter, IT IS HEREBY

ORDERED that Smail's objections (ECF No. 145) are OVERRULED. The Court concurs with Magistrate Judge Dodge's thorough analysis of the evidence, including that no genuine dispute of material fact exists, and her legal conclusions. The Court has independently reached the same legal conclusions on the claims for the same reasons expressed by Magistrate Judge Dodge in the comprehensive Report and Recommendation. The Court hereby APOPTS Magistrate Judge Dodge's Report and Recommendation (ECF No. 142) as its Opinion.

AND NOW, this 20th day of November 2026, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 129) is GRANTED.

BY THE COURT:

s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE